# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| DAVID RONALD ALLEN, et al., | § § | Civil Action No. 3:11-cv-882-O |
| Defendants, | § § | |
| and | § § | |
| PATRICIA ALLEN, et al., | § § § | |
| Relief Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Motion for Final Judgment of Disgorgement, Prejudgment Interest, and Third-Tier Penalties Against the Dowlatshahi and Mills Defendants (ECF No. 215), Memorandum in Support (ECF No. 216), and Appendix in Support (ECF No. 217), filed May 11, 2012; the Mills Defendants' Response (ECF No. 228), filed June 8, 2012; the Dowlatshahi Defendants' Response (ECF No. 229), filed June 8, 2012; and Plaintiff's Reply (ECF No. 234), filed June 22, 2012.

Having considered this motion and the applicable law, the Court finds that it should be and is hereby **GRANTED.**

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on April 28, 2011, alleging violations of federal securities laws. *See generally* Compl., ECF No. 2.  This case concerns a *Ponzi* scheme launched by David Ronald Allen ("Allen"), the co-founder, Chief Financial Officer, and holder of all the Series A preferred stock of China Voice Holding Corp. ("China Voice").  Am. Compl. ¶ 1, ECF No. 75.  Plaintiff alleges that Defendants Alex Dowlatshahi ("Dowlatshahi"), Integrity Driven Network Corp. ("IDN"), Lucrative Enterprises Corp. ("Lucrative), Synergetic Solution LLC ("Synergetic"), and Darius Assets Holding Corp. ("Darius Assets") (collectively, the "Dowlatshahi Defendants"), and Defendants Christopher Mills ("Mills"), Sleeping Bear LLC ("Sleeping Bear"), and Silver Summit Holdings LLC ("Silver Summit") (collectively, the "Mills Defendants"), with the help of Allen, began soliciting investments in a series of at least sixteen opportunities offered by limited partnerships that Allen controlled.  *Id.* ¶ 132.  Instead of using those investments as promised to investors, Defendants used the investment proceeds to pay back investors from prior limited partnerships and to make payments to Allen, Dowlatshahi, Mills, and their affiliated companies.  *Id.* ¶¶ 146, 165-67.

On August 31, 2011, the Dowlatshahi Defendants consented to the entry of a judgment permanently restraining and enjoining them from violating specific provisions of the securities laws. *See* Mot. J. Dowlatshahi Defs. Ex. A (Consent), ECF No. 125; Dowlatshahi Defs. J., ECF No. 126. On September 9, 2011, the Mills Defendants consented to the entry of a similar judgment.  *See* Mot. J. Mills Defs. Ex. 1 (Consent), ECF No. 128; Mills Defs. J., ECF No. 129.  By consenting, the Dowlatshahi Defendants and Mills Defendants agreed that the Court would determine whether it is appropriate to order disgorgement of ill-gotten gains, prejudgment interest, and civil penalties.  *See*

Mot. J. Dowlatshahi Defs. Ex. A (Consent) ¶ 5-6, ECF No. 125; Mot. J. Mills Defs. Ex. 1 (Consent)

¶ 5, ECF No. 128.  In addition, based on these judgments, the Court accepts the allegations of the

Amended Complaint as true.  Dowlatshahi Defs. J. ¶¶ IV, V, ECF No. 126; Mills Defs. J. ¶ IV, ECF

No. 129.

On May 11, 2012, Plaintiff brought its Motion for Final Judgment against the Dowlatshahi

and Mills Defendants.  Pl.'s Mot. Final. J., ECF No. 215.   Specifically, Plaintiff moves for

disgorgement, prejudgment interest, and a third-tier civil penalty against the Dowlatshahi and Mills

Defendants, and disgorgement and prejudgment interest against Relief Defendant Darius Assets

Holding Corp.  *Id.*  The Dowlatshahi and Mills Defendants respond that the Court should deny or

limit the disgorgement and prejudgment interest, that a civil penalty is not appropriate in this case,

and that they are entitled to a proper off-set.  *See* Dowlatshahi Defs.' Resp., ECF No. 229; Mills

Defs.' Resp., ECF No. 228.  The issues have been briefed by the parties and this matter is ripe for

determination.

## II.   ANALYSIS

### A.   Disgorgement

As to the Dowlatshahi Defendants, Plaintiff requests that the Court enter a Final Judgment

ordering Dowlatshahi jointly and severally liable for disgorgement of ill-gotten gains with his

entities: (1) Lucrative to disgorge ill-gotten gains of $300,454[1] and prejudgment interest thereon of

$17,406; (2) Synergetic to disgorge ill-gotten gains of $24,091 and prejudgment interest thereon of

---

[1]  Although at one point Plaintiff requests that the Court "order Defendant Lucrative to disgorge $301,104," Pl.'s Mem. Supp. 13, ECF No. 216, the Court assumes this is actually a typographical error because Plaintiff requests the amount of $300,454 throughout the rest of its motion and in the attached exhibits.

$2,393; and (3) Relief Defendants Darius Assets to disgorge ill-gotten gains of $305,989 and prejudgment interest thereon of $16,973. Pl.'s Mem. Supp. 11-12, ECF No. 216. The Dowlatshahi Defendants respond that (1) Dowlatshahi's personal liability is disproportionate compared to Allen's liability because Dowlatshahi owes double Allen's amount, (2) the proposed disgorgement amount is unnecessary to deter the Dowlatshahi Defendants from committing future violations of the securities laws, and (3) Dowlatshahi lacks the ability to pay. Dowlatshahi Defs.' Resp. 6-9, ECF No. 229.

As to the Mills Defendants, Plaintiff requests that the Court enter a Final Judgment ordering Mills to disgorge ill-gotten gains of $2,165 and prejudgment interest thereon of $240 and holding Mills jointly and severally liable for disgorgement of ill-gotten gains with his entities: (1) Sleeping Bear to disgorge ill-gotten gains of $116,219 and prejudgment interest thereon of $8,638 and (2) Silver Summit to disgorge ill-gotten gains of $18,025 and prejudgment interest thereon of $1,990. Pl.'s Mem. Supp. 15, ECF No. 216. The Mills Defendants respond that Mills's personal liability is disproportionate compared to Allen's liability because it is more than half of Allen's amount, and that the proposed disgorgement amount is unnecessary to deter the Mills Defendants from committing future violations of the securities laws. Mills Defs.' Resp. 5-6, ECF No. 228.

As to all the Dowlatshahi and Mills Defendants, Plaintiff responds that (1) Defendants do not dispute the calculations of their ill-gotten gains, (2) disgorgement should not be reduced based on another's culpability, (3) disgorgement is a necessary deterrent, and (4) Defendants' financial state has no bearing on disgorgement. Pl.'s Reply 2-6, ECF No. 234. The Court agrees with Plaintiff.

A court may order a party to disgorge profits flowing from securities law violations in order

to prevent the wrongdoer from enriching himself by his wrongs.  *See, e.g.*, *SEC v. Huffman*, 996 F.2d 800, 802-03 (5th Cir. 1993).  The purpose of disgorgement is not only to address ill-gotten gains, but also to deter future violations of the law.  *SEC v. Seghers*, 298 F. App'x 319, 336 (5th Cir. 2008).  "Once the SEC has established that a defendant violated securities laws, a court may order the defendant to disgorge a sum of money equal to all the illegal payments he received."  *SEC v. Harris*, No. 3:09-CV-1809-B, 2012 WL 759885, at *2 (N.D. Tex. Mar. 7, 2012) (citing *SEC v. Blavin*, 760 F.2d 706, 713 (6th Cir. 1985)).  The SEC bears the initial burden of showing that its requested disgorgement amount reasonably approximates the amount of profits connected to the violation, and then the burden shifts to the defendant to show that this figure is not a reasonable approximation.  *See, e.g.*, *SEC v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 1959843, at *2 (N.D. Tex. May 5, 2008).  A court enjoys broad discretion in determining the amount to be disgorged.  *See, e.g.*, *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474-75 (2d Cir. 1996).  Further, "any risk of uncertainty in calculating disgorgement should fall on the wrongdoer whose illegal conduct created that uncertainty."  *SEC v. Patel*, 61 F.3d 137, 140 (2d Cir. 1995).

Because Defendants consented to the Final Judgment, they are precluded from arguing that they did not violate the federal securities laws as alleged in the Amended Complaint.  *See* Mot. J. Dowlatshahi Defs. Ex. A (Consent), ECF No. 125; Dowlatshahi Defs. J., ECF No. 126; Mot. J. Mills Defs. Ex. 1 (Consent), ECF No. 128; Mills Defs. J., ECF No. 129.  Also, Defendants do not dispute that they violated federal securities laws.  Based on the evidence provided by the SEC, the Court's Final Judgments as to Defendants, and the Amended Complaint, the Court finds that the Dowlatshahi and Mills Defendants violated federal securities laws and should disgorge their ill-gotten gains.

Having found that Defendants should disgorge their ill-gotten gains, the Court now examines

the appropriate amount of disgorgement.  In support, Plaintiff offers (1) C.P.A. Stacy Fresch's declaration explaining how she created summary spreadsheets of transfers received by the Mills and the Dowlatshahi Defendants, (2) the summary spreadsheets themselves, and (3) the underlying bank records that were the source of the summary spreadsheets.  Pl's App. Supp. Mot. Final J., App. 1-3, 5-173 (the Dowlatshahi Defendants), ECF No. 217; *id.* at App. 1-2, 4, 174-225 (the Mills Defendants).  The Court finds these calculations are reasonable approximations of the Dowlatshahi and Mills Defendants' ill-gotten gains.

1.   The Dowlatshahi Defendants

The Dowlatshahi Defendants make no arguments that Plaintiff's approximations are unreasonable.  *See* Dowlatshahi Defs.' Resp., ECF No. 229.  Instead, they emphasize that "[t]he purpose of disgorgement is an equitable one, giving the Court broad discretion in fashioning the appropriate amount."  *Id.* at 7 (citing *Huffman*, 996 F.2d at 803).  Citing Dowlatshahi's cooperation with the SEC, the disproportionate liability Dowlatshahi faces compared to Allen, Dowlatshahi's inability to pay, and the fact that disgorgement is unnecessary to deter future violations, the Dowlatshahi Defendants argue that the Court should limit the Dowlatshahi Defendants' disgorgement amount.  *Id.* at 6-9.  The Court finds these arguments unpersuasive.

The Dowlatshahi Defendants have offered no convincing authority for their position that the Court is required to consider comparative culpability when assessing disgorgement amounts, but only argue that a court "has broad discretion to measure a defendant's relative culpability and weigh it against that of other co-defendants."  *See* Dowlatshahi Defs.' Resp. 6, ECF No. 229 (citing *SEC v. One Wall St., Inc.*, No. 06-CV-4217, 2008 WL 5082294 (E.D.N.Y. Nov. 26, 2008)).  Also, while the Court recognizes that Defendants cooperated with the SEC, such cooperation does not

6

necessarily require a reduction in the amount of disgorgement.  *See Harris*, 2012 WL 759885, at \*2-5 (discussing defendants' cooperation only with respect to the proper civil penalty amount and not with respect to the proper disgorgement amount).  Furthermore, the Court finds Defendants' argument that disgorgement is unnecessary to deter future violations unpersuasive given Dowlatshahi's repeated violations and previous conduct.  *See* Am. Compl. ¶¶ 140 (previous California cease and desist order), 132 (repeated meetings), 144 (radio interview).  Finally, the Court finds that Dowlatshahi Defendants' evidence of inability to pay is insufficient to support a denial of or reduction in amount of disgorgement.  *Harris*, 2012 WL 759885, at \*5 ("[I]nability to pay must be established by a preponderance of the evidence, rather than the plain statement of a defendant.").

Given that the SEC has shown that its proposed disgorgement is a reasonable approximation of the Dowlatshahi Defendants' gain, the Court finds that the disgorgement amounts as to the Dowlatshahi Defendants are proper.  Accordingly, the Court finds Dowlatshahi jointly and severally liable for disgorgement of ill-gotten gains with his entities: (1) Lucrative to disgorge ill-gotten gains of $300,454, (2) Synergetic to disgorge ill-gotten gains of $24,091, and (3) Relief Defendants Darius Assets to disgorge ill-gotten gains of $305,989.

2.    The Mills Defendants

Similar to the Dowlatshahi Defendants, the Mills Defendants make no arguments that Plaintiff's approximations were unreasonable, and instead emphasize the Court's discretion in deciding the appropriate amount.  *See* Mills Defs.' Resp. 4-7, ECF No. 228.  The Mills Defendants argue that Mills's liability is disproportionate at over half of Allen's amount, that Mills cooperated with the SEC, and that disgorgement is unnecessary for deterrence because Mills has already accepted full responsibility for his actions and experienced significant financial consequences.  *Id.*

7

at 5-6.  The Court finds these arguments unpersuasive.

Similar to the Dowlatshahi Defendants, the Mills Defendants have offered no convincing authority for their position that the Court must consider comparative culpability when assessing disgorgement amounts.  *See* Mills Defs.' Resp. 5, ECF No. 228 (citing *SEC v. One Wall St., Inc.*, No. 06-CV-4217, 2008 WL 5082294 (E.D.N.Y. Nov. 26, 2008)).  While the Court recognizes that Defendants cooperated with the SEC, such cooperation does not necessarily require a reduction in the amount of disgorgement.  *See Harris*, 2012 WL 759885, at *2-5 (discussing defendants' cooperation only with respect to the proper civil penalty amount and not with respect to the proper disgorgement amount).  Finally, although the Mills Defendants cite that Mills has accepted responsibility for his actions and that he has already experienced financial consequences, the Court finds Defendants' argument that disgorgement is unnecessary to deter future violations unpersuasive given Mills's repeated violations.  *See* Am. Compl. ¶¶ 132, 135-36, 138, 141-43, ECF No. 75.

Given that the SEC has shown that its proposed disgorgement was a reasonable approximation of the Mills Defendants' gain, the Court finds that the disgorgement amounts requested by Plaintiff for the Mills Defendants to pay are proper.  Accordingly, the Court finds Mills should disgorge ill-gotten gains of $2,165 and finds Mills jointly and severally liable for disgorgement of ill-gotten gains with his entities: (1) Sleeping Bear to disgorge ill-gotten gains of $116,219 and (2) Silver Summit to disgorge ill-gotten gains of $18,025.

### B.    Prejudgement Interest

Plaintiff also requests prejudgment interest on Defendants' disgorgement.  Pl.'s Mot. Final. J., ECF No. 215.  "The Court may award prejudgment interest on disgorgement amounts, in its discretion, in order to prevent parties from benefitting from what is, in essence, an interest-free loan

8

resulting from illegal activity." *Harris*, 2012 WL 759885, at *4 (citing *SEC v. Jakubowski*, No. 94 C 4539, 1997 WL 598108, at *2 (N.D. Ill. Sept. 19, 1997)).

Defendants do not set forth any particular objections to the SEC's calculations or the SEC's request for prejudgment interest. At most, the Mills Defendants argue that "Courts have considerable discretion in assessing prejudgment interest." Mills Defs.' Resp. 5, ECF No. 228 (citing *Cyrak v. Lemon*, 919 F.2d 320, 326 n.12 (5th Cir. 1990)). The Court finds that Defendants should pay Plaintiff's requested prejudgment interest amount. Accordingly, the Court finds Dowlatshahi jointly and severally liable for prejudgment interest with his entities: (1) Lucrative's prejudgment interest of $17,406, (2) Synergetic's prejudgment interest of $2,393, and (3) Darius Assets's prejudgment interest thereon of $16,973. Also, the Court finds Mills liable for prejudgment interest of $240, and finds Mills jointly and severally liable for prejudgment interest with his entities: (1) Sleeping Bear's prejudgment interest of $8,638 and (2) Silver Summit's prejudgment interest of $1,990.

### C.    Civil Penalties

Plaintiff requests that the Court impose third-tier civil penalties against both the Dowlatshahi and Mills Defendants. Pl.'s Mem. Supp. 13, 16-17, ECF No. 216. The Dowlatshahi and Mills Defendants argue that civil penalties are inappropriate and excessive. *See* Dowlatshahi Defs.' Resp. 9, ECF No. 229; Mills Defs.' Resp. 7, ECF No. 228.

Under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), courts are authorized to impose a third-tier civil money penalty if the defendant's violation (1) "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and (2) "directly or indirectly resulted in substantial losses

to other persons." These Acts also limit third-tier civil penalties for a natural person to the greater of $130,000 or the gross amount of pecuniary gain to such defendant as a result of the violation. 15 U.S.C. §§ 77t(d), 78u(d).

The Court finds that the SEC's evidence clearly shows that the Dowlatshahi Defendants and Mills Defendants violated securities laws through a fraudulent scheme, and this scheme directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to investors. The Amended Complaint, which the Court deems as true for purposes of this motion, alleges that the Dowlatshahi Defendants and Mills Defendants offered unregistered securities to investors and made materially false and misleading statements and omissions to investors about the Limited Partnerships. Am. Compl. ¶¶ 132-33, 135, 139-46, ECF No. 75. These violations resulted in substantial losses and risk of further losses to investors, whose funds were dissipated through transfers to other investors, to companies who could not and did not repay the money, and to Defendants Mills, Dowlatshahi, and their companies. *Id.* ¶¶ 146-47, 150-62, 165. Accordingly, the Court is authorized to impose third-tier civil penalties, but the Court must first determine whether any other relevant factors weigh against imposition of third-tier penalties or weigh in favor of a reduction.

In assessing the appropriate amount of third-tier civil penalties, courts consider multiple factors, including:

> (1) the egregiousness of the defendant's conduct; (2) the degree of defendant's *scienter*; (3) whether the defendant's conduct created substantial loss or the risk of substantial loss to other persons; (4) whether the defendant's conduct was isolated or recurrent; (5) and whether the penalty should be reduced due to the defendant's demonstrated current and future financial situation.

10

*AmeriFirst*, 2008 WL 1959843, at *7 (quoting *SEC v. Opulentica*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007)).  Some courts also consider factors such as "cooperation of the defendant with law enforcement authorities and the adequacy of other criminal or civil sanctions to punish the defendant."  *Id.* (citing *SEC v. Lewis*, 492 F. Supp. 2d 1173, 1174 (D.S.D. 2007); *SEC v. Church Extension of the Church of God, Inc.*, 429 F. Supp. 2d 1045, 1050-51 (S.D. Ind. 2005)).  "While these factors are helpful in characterizing a particular defendant's actions, the civil penalty framework is of a discretionary nature and each case has its own particular facts and circumstances which determine the appropriate penalty to be imposed."  *Id.* (quoting *Opulentica*, 479 F. Supp. 2d at 331).

Considering all of the factors, the Court finds imposition of third-tier civil penalties appropriate.  Defendants have provided no evidentiary support showing that the SEC's requested penalty amount is inappropriate.  As already found by the Court, Defendants' conduct created substantial loss to other persons.  Also, the Court finds that Defendants' conduct was recurrent and that they acted with *scienter*.  For example, the Dowlatshahi Defendants repeated their falsehoods in face-to-face meetings with investors, in offering materials, on the Integrity Driven Network ("IDN") website, and in Dowlatshahi's radio interview.  Am. Compl. ¶¶ 135-39, 141-45, 148-49, 166, ECF No. 75.  The Mills Defendants also repeated falsehoods to induce investments at these meetings and through the IDN website.  *Id.* ¶¶ 135-36, 141-43, 146, 148, 165, 167).

Defendants make the argument that these penalties should be reduced because of their cooperation with the SEC.  *See* Dowlatshahi Defs.' Resp. 10-12, ECF No. 229; Mills Defs.' Resp. 8-9.  The Court finds these arguments unpersuasive.  The Court recognizes, based on both Defendants' and the SEC's statements, that Defendants have cooperated with Plaintiff, which has

aided Plaintiff's efforts to collect assets and litigate this case.  However, such cooperation does not change the fact that Defendants participated in a fraudulent scheme and misled investors, resulting in the substantial loss or risk of substantial loss of investor funds.  Further, Plaintiff has already reduced the requested penalty amounts based upon the Dowlatshahi Defendants' cooperation.  *See* Pl.'s Mem. Supp. 14, ECF No. 216.  Also, Plaintiff considered a reduction for the Mills Defendants, but because they "failed to provide any details or meaningful assistance to the SEC in its case against other defendants" Plaintiff did not apply a reduction.  Pl.'s Reply 8, ECF No. 234.

Defendants also argue that these penalties should be reduced based on their lack of ability to pay.  *See* Dowlatshahi Defs.' Resp. 10-12, ECF No. 229; Mills Defs.' Resp. 8-9.  The Court finds these arguments unpersuasive.  The ability to pay must be established by a preponderance of the evidence.  *See Harris*, 2012 WL 759885, at *5 (citing *Huffman*, 996 F.2d at 803).  The Mills Defendants offer no evidence of their lack of ability to pay.  *See generally* Mills Defs.' Resp., ECF No. 228 (stating "[Mills] is completely broke and without a job" but attaching no exhibits or evidence).  The Dowlatshahi Defendants submitted a declaration of Dowlatshahi and a balance sheet of his current assets and liabilities.  Dowlatshahi Defs.' Resp. Ex. A, ECF No. 229.  The Court finds this evidence insufficient to prove a lack of ability to pay by a preponderance of the evidence.  Accordingly, the Court finds the majority of the factors weigh in favor of imposition of civil penalties and against a reduction in the amount.

Finally, Dowlatshahi makes the argument that he should not be jointly and severally liable for IDN's $50,000 civil penalty because Allen's Final Judgment did not include a civil penalty associated with IDN even though the Amended Complaint lists them both as directors, officers, registered agents and/or managing members of IDN.  Dowlatshahi Defs.' Resp. 8, ECF No. 229.

12

Dowlatshahi argues it is inequitable to treat similarly-situated defendants differently. However, he has provided no persuasive authority that the Court should compare liability among defendants. Therefore, Dowlatshahi should be liable for IDN's penalties regardless of Allen's Final Judgment.

Based on the foregoing, the Court finds that the amounts Plaintiff requests for third-tier civil penalties are appropriate. Accordingly, the Court finds third-tier penalties are proper against the Mills Defendants: (1) Mills personally liable for $2,165; (2) Mills and Sleeping Bear jointly and severally liable for $116,219; and (3) Mills and Silver Summit jointly and severally liable for $18,025. In addition, the Court finds third-tier penalties are proper and finds Dowlatshahi jointly and severally liable with his entities: (1) IDN to pay a third-tier civil penalty of $50,000; (2) Lucrative to pay a third-tier civil penalty of $150,227; and (3) Synergetic to pay a third-tier civil penalty of $12,045.

### D.      Off-Set

The Dowlatshahi and Mills Defendants argue that they are entitled to a credit on their disgorgement liability for investor funds returned either during or after the scheme's conclusion. *See* Dowlatshahi Defs.' Resp. 12, ECF No. 229; Mills Defs.' Resp. 9, ECF No. 228 (citing *AmeriFirst*, 2008 WL 1959843, at *4). While the Court agrees that Defendants would be entitled to an off-set if any funds were returned, Defendants have offered no evidence in support. *See* Pl.'s Reply 6, ECF No. 234. Absent such evidence, the Court finds that Defendants are not entitled to an off-set.

### III.      CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Final Judgment (ECF No. 209). The Court will issue a Final Judgment of Disgorgement, Prejudgment Interest, and Civil Penalty as to the Dowlatshahi and Mills Defendants in separate orders.

13

**SO ORDERED** on this **21st day** of **November, 2012.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**