IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : |
| Plaintiff, | : : : |
| v. | : : : |
| DAVID RONALD ALLEN, et al., | : : Civil Action No.:3:11-CV-882-O : |
| Defendants, | : : : |
| and | : : : |
| PATRICIA ALLEN, et al., | : : : |
| Relief Defendants. | : : |

**FINAL JUDGMENT AS TO DEFENDANTS ALEX DOWLATSHAHI, INTEGRITY DRIVEN NETWORK CORP., LUCRATIVE ENTERPRISES CORP., AND SYNERGETIC SOLUTIONS LLC AND RELIEF DEFENDANT DARIUS ASSETS HOLDING CORP.**

By Order of August 31, 2011, the Court granted the Unopposed Motion of Plaintiff Securities and Exchange Commission ("Commission") for Judgment against Defendants Alex Dowlatshahi, Integrity Driven Network Corp., Lucrative Enterprises Corp., and Synergetic Solutions LLC ("Defendants") and Relief Defendant Darius Assets Holding Corp. ("Relief Defendant") and provided that, upon motion of the Commission, the Court would determine the appropriateness of and, if ordered, that Defendants would pay, disgorgement, prejudgment

1

interest and a civil penalty, the amounts to be determined by the Court upon motion by the Commission, and that Relief Defendant would pay disgorgement and prejudgment interest, the amounts to be determined by the Court upon motion by the Commission. The Commission has now moved, pursuant to the August 31, 2011 Judgment, which is incorporated by reference, for entry of final judgment against Defendants and Relief Defendant Darius Assets Holding Corp. including injunctive relief, disgorgement, prejudgment interest, and a civil penalty against Defendants, and disgorgement and prejudgment interest against Relief Defendant.  It is hereby ORDERED, ADJUDGED, and DECREED that:

I.

Defendants Alex Dowlatshahi, Integrity Driven Network Corp., Lucrative Enterprises Corp., and Synergetic Solutions LLC and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

Defendants Alex Dowlatshahi, Lucrative Enterprises Corp., and Synergetic Solutions LLC and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

Defendants Alex Dowlatshahi, Lucrative Enterprises Corp., and Synergetic Solutions LLC, and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

Defendants Alex Dowlatshahi and Lucrative Enterprises Corp. are jointly and severally liable for disgorgement of $300,454, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,406, for a total of $317,860, and a civil penalty in the amount of $150,227, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants Dowlatshahi and Lucrative Enterprises Corp. shall satisfy this

obligation by paying $468,087, within 14 days following entry of this Final Judgment in accordance with the procedures set forth in Paragraph VIII below.  By making this payment, Defendants Dowlatshahi and Lucrative Enterprises Corp. relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants Dowlatshahi or Lucrative Enterprises Corp.  Defendants Dowlatshahi and Lucrative Enterprises Corp. shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

Defendants Alex Dowlatshahi and Synergetic Solutions LLC are jointly and severally liable for disgorgement of $24,091, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,393, for a total of $26,484, and a civil penalty of $12,045, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendants Dowlatshahi and Synergetic Solutions LLC shall satisfy this obligation by paying $38,529, within 14 days following entry of this Final Judgment in accordance with the procedures set forth in Paragraph VIII below.  By making this payment, Defendants Dowlatshahi and Synergetic Solutions LLC relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants Dowlatshahi or Synergetic Solutions LLC.  Defendants Dowlatshahi and Synergetic Solutions LLC shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

Defendants Alex Dowlatshahi and Integrity Driven Network Corp. are jointly and severally liable for civil penalty in the amount of $50,000 pursuant to Section 21(d)(3) of the

Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants Dowlatshahi and Integrity Driven Network Corp. shall satisfy this obligation by paying $50,000, within 14 days following entry of this Final Judgment in accordance with the procedures set forth in Paragraph VIII below. By making this payment, Defendants Dowlatshahi and Integrity Driven Network Corp. relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants Dowlatshahi or Integrity Driven Network Corp. Defendants Dowlatshahi and Integrity Driven Network Corp. shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

Defendant Alex Dowlatshahi and Relief Defendant Darius Assets Holding Corp. are jointly and severally liable for disgorgement of $305,989, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,973, for a total of $322,962. Defendant Dowlatshahi and Relief Defendant Darius Assets Holding Corp. shall satisfy this obligation by paying $322,962 within 14 days following entry of this Final Judgment in accordance with the procedures set forth in Paragraph VIII below. By making this payment, Defendant Dowlatshahi and Relief Defendant Darius Assets Holding Corp. relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Dowlatshahi or Darius Assets Holding Corp. Defendant Dowlatshahi and Relief Defendant Darius Assets Holding Corp. shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VIII.

Payments under Paragraphs IV, V, VI, and VII by Defendants Alex Dowlatshahi,

Lucrative Enterprises Corp., Synergetic Solutions LLC, and Integrity Driven Network Corp. and Relief Defendant Darius Assets Holding Corp. shall be made to the Clerk of this Court within 14 days after entry of this Final Judgment, together with a cover letter identifying Dowlatshahi, Lucrative Enterprises Corp., Synergetic Solutions LLC, and Integrity Driven Network Corp. as a defendant and Darius Assets Holding Corp. as a relief defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants Dowlatshahi, Lucrative Enterprises Corp., Synergetic Solutions LLC, and Integrity Driven Network Corp. and Relief Defendant Darius Assets Holding Corp. shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.

      Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants Dowlatshahi, Lucrative Enterprises Corp., Synergetic Solutions LLC, and Integrity Driven Network Corp. shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants Dowlatshahi, Lucrative Enterprises Corp., Synergetic Solution LLC, and Integrity Driven Network Corp.'s payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages awarded by the amount of any part of Defendants Dowlatshahi, Lucrative Enterprises Corp., Synergetic Solution LLC, or Integrity Driven Network Corp.'s payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants Dowlatshahi, Lucrative Enterprises Corp., Synergetic Solutions LLC, and Integrity Driven Network Corp. shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants Dowlatshahi, Lucrative Enterprises Corp.,

Synergetic Solutions LLC, or Integrity Driven Network Corp. by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED** on this **21st day** of **November**, **2012**.

_Reed O'Connor_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**