IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| DAVID RONALD ALLEN, et al., | : |
| | : Civil Action No.:3:11-CV-882-O |
| Defendants, | : |
| | : |
| and | : |
| | : |
| PATRICIA ALLEN, et al., | : |
| | : |
| Relief Defendants. | : |

**FINAL JUDGMENT AS TO DEFENDANTS CHRISTOPHER MILLS, SLEEPING BEAR LLC, AND SILVER SUMMIT HOLDINGS LLC**

By Order of September 9, 2011, the Court granted the Unopposed Motion of Plaintiff Securities and Exchange Commission ("Commission") for Judgment against Defendants Christopher Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC (the "Defendants") and provided that Defendants would pay, disgorgement, prejudgment interest and a civil penalty, the amounts to be determined by the Court upon motion by the Commission. The Commission has now moved, pursuant to the September 9, 2011 Judgment, which is incorporated by reference, for entry of final judgment against Defendants, including injunctive relief, disgorgement,

1

prejudgment interest, and a civil penalty against Defendants. It is hereby ORDERED, ADJUDGED, and DECREED that:

## I.

Defendants Christopher Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

Defendants Christopher Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

Defendants Christopher Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC, and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for

          delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

Defendants Christopher Mills is liable for disgorgement of $2,165, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $240, for a total of $2,405, and a civil penalty in the amount of $2,165, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendant Christopher Mills shall satisfy this obligation by paying $4,570, within 14 days following entry of this Final Judgment in accordance with the procedures set forth in Paragraph VII below.  By making this payment, Defendant Mills relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Mills.  Defendant Mills shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

Defendants Christopher Mills and Sleeping Bear LLC are jointly and severally liable for disgorgement of $116,219, representing profits gained as a result of the conduct alleged in the

Complaint, together with prejudgment interest thereon in the amount of $8,638, for a total of $124,857, and a civil penalty of $116,219, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendants Mills and Sleeping Bear LLC shall satisfy this obligation by paying $241,076, within 14 days following entry of this Final Judgment in accordance with the procedures set forth in Paragraph VII below.  By making this payment, Defendants Mills and Sleeping Bear LLC relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants Mills or Sleeping Bear LLC.  Defendants Mills and Sleeping Bear LLC shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

Defendants Christopher Mills and Silver Summit Holdings LLC are jointly and severally liable for disgorgement of $18,025, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,990, for a total of $20,015, and a civil penalty of $18,025, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendants Mills and Silver Summit Holdings LLC shall satisfy this obligation by paying $38,040, within 14 days following entry of this Final Judgment in accordance with the procedures set forth in Paragraph VII below.  By making this payment, Defendants Mills and Silver Summit Holdings LLC relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants Mills or Silver Summit Holdings LLC.  Defendants Mills and Silver Summit Holdings LLC shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VII.

Payments under Paragraphs IV, V, and VI, by Defendants Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC shall be made to the Clerk of this Court within 14 days after entry of this Final Judgment, together with a cover letter identifying Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants Mills, Sleeping Bear LLC, and Silver Summit Holdings LLC shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants Mills, Sleeping Bear LLC, or Silver Summit Holdings LLC's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages awarded by the amount of any part of Defendants Mills, Sleeping Bear LLC, or Silver Summit Holdings LLC's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants Mills, Sleeping Bear LLC, or Silver Summit Holdings LLC shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants Mills, Sleeping Bear LLC, or Silver Summit Holdings LLC by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED** on this **21st day** of **November**, **2012**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**