**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **DAVID RONALD ALLEN, et al.,** | § § | **Civil Action No. 3:11-cv-882-O** |
| **Defendants,** | § § | |
| **and** | § § | |
| **PATRICIA ALLEN, et al.,** | § § | |
| **Relief Defendants.** | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Final Judgment of Disgorgement, Prejudgment Interest, Third Tier Penalty, and Penny Stock Bar Against Defendant Wilson and His Related Entities (ECF No. 209) and Brief in Support (ECF No. 210) and Appendix in Support (ECF No. 211), filed May 8, 2012; Defendant Robert Wilson's Response (ECF No. 220), filed May 29, 2012; and Plaintiff's Reply (ECF No. 230), filed June 12, 2012.

Having considered this motion and the applicable law, the Court finds that it should be and is hereby **GRANTED**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit on April 28, 2011, alleging violations of federal securities laws.

1

*See generally* Compl., ECF No. 2.  This case concerns a stock promotion campaign involving the stock of China Voice Holding Corp. ("China Voice").  Plaintiff alleges that David Ronald Allen ("Allen") financed a stock promotion campaign involving materially false and misleading statements and material omissions made by China Voice in order to induce purchases of China Voice stock. Am. Compl. ¶ 90, ECF No. 75.  One of these stock promotion campaigns included Defendant Robert Wilson and Defendant Strategic Capital ("Defendants"), who orchestrated a blast fax campaign from November 2007 through April 2008.  *Id.* ¶ 97.  These faxes were sent to thousands of people at once and all hyped China Voice.  *Id.*  They contained false and misleading statements about China Voice and who was paying for the faxes.  *Id.* ¶ 98.  For example, the blast faxes indicated that Strategic Capital had "been hired by a third party consultant" and was contracted to receive between $70,000 and $115,000 (depending on the fax).  *Id.*

On December 21, 2011, Defendants consented to the entry of a judgment.  Wilson Defs. J., ECF No. 185.  In signing the Consent, Defendants agreed that the Court would order, and they would pay, disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty.  Mot. J. Against Wilson Defs. (Consent) ¶ 5, ECF No. 184-1.  In addition, based on this judgment, the Court accepts the allegations  of the Amended Complaint as true for purposes of this Motion for Final Judgment. Wilson Defs. J. ¶ IV, ECF No. 185.

On May 8, 2012, Plaintiff filed its Motion for Final Judgment against Wilson Defendants. Pl.'s Mot. Final J., ECF No. 209.  Plaintiff moves for disgorgement, prejudgment interest, and a third-tier civil penalty against Defendants, seeking that the Court require Defendants to pay

$664,269.00 in disgorgement and an equal amount in third-tier civil penalties.[1]  Br. Supp. Pl.'s Mot.

Final J. 13-14, ECF No. 210.  Defendants agree to all relief, including that third-tier civil penalties

should be imposed.  Defs.' Resp. 5, ECF No. 220.  However, they disagree on the appropriate

amount of penalties, arguing that the $664,269 penalty is excessive and inappropriate, and request

that the Court order a third-tier civil penalty of $100,000.  *Id.*  The issues have been briefed by the

parties and this matter is ripe for determination.

## II.    ANALYSIS

In assessing the appropriate amount of third-tier civil penalties, courts consider multiple

factors, including:

> (1) the egregiousness of the defendant's conduct; (2) the degree of
> defendant's scienter; (3) whether the defendant's conduct created
> substantial losses or the risk of substantial losses to other persons;
> (4) whether the defendant's conduct was isolated or recurrent; and
> (5) whether the penalty should be reduced due to the defendant's
> demonstrated current and future financial condition.

*SEC v. Amerifirst Funding, Inc.*, No. 3:07-cv-1188-D, 2008 WL 1959843, at * 7 (N.D. Tex. May 5,

2008) (quoting *SEC v. Opulentica*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007)).  Some courts have

also considered factors such as "cooperation of the defendant with law enforcement authorities and

the adequacy of other criminal or civil sanctions to punish the defendant."  *Id.* (citing *SEC v. Lewis*,

492 F. Supp. 2d 1173, 1174 (D.S.D. 2007); *SEC v. Church Extension of the Church of God, Inc.*, 429

F. Supp. 2d 1045, 1050-51 (S.D. Ind. 2005)).  "'While these factors are helpful in characterizing a

particular defendant's actions, the civil penalty framework is of a discretionary nature and each case

---

[1]  In its Motion, Plaintiff requests that the Court order other relief, but Defendants only contest
the amount of third-tier civil penalties.  *See* Defs.' Resp. 4, ECF No. 220.  Accordingly, the Court only
addresses this issue here.

has its own particular facts and circumstances which determine the appropriate penalty to be imposed.'" *Id.* (quoting *Opulentica*, 479 F. Supp. 2d at 331).

Plaintiff moves for the Court to impose a third-tier penalty of $664,269 against Defendants. Br. Supp. Pl.'s Mot. Final J. 13-14, ECF No. 210. Defendants argue that (1) Plaintiff failed to link Defendants' activities to a showing of substantial harm or risk of substantial harm to others and (2) Defendants lack the ability to pay such a large civil penalty. Defs.' Resp. 5-6, ECF No. 220. Plaintiff argues that (1) Defendants did cause substantial harm or risk of substantial harm to others, (2) a penalty equal to disgorgement is appropriate even if Defendants cannot pay, and (3) Defendants have not demonstrated they are unable to pay. Pl.'s Reply 4-10, ECF No. 230.

Considering these factors, the Court finds that imposing third-tier penalties equal to disgorgement is appropriate. As to the third factor, Defendants' conduct created substantial loss or risk of substantial loss to other persons. The Amended Complaint, which the Court deems as true for purposes of this motion, alleges that Defendants distributed faxes containing false and misleading statements and material omissions in order to induce investors to purchase shares of China Voice. Am. Compl. ¶¶ 96-99, 209-210, ECF No. 75. Also, as to factor four the Court finds that Defendants' conduct was recurrent, and as to factor two the Court finds that Defendants acted with scienter. For example, blast faxes were distributed on numerous occasions over a six-month period. *Id.* ¶ 97; Pl.'s App. Supp. (Wilson Dep.), App. 39, ECF No. 211-1 (stating that the frequency on how often Defendants sent out faxes varied, but "China Voice . . . was off and on from like October-ish until April."). Also, Defendants did not verify the information about China Voice in the faxes, even though the disclosure at the bottom of the fax said "information . . . contained herein [is] based on sources believed to be reliable." Pl.'s App. Supp. (Fax), App. 41, ECF No. 211-2; *see id.* (Wilson

4

Dep.), App. 42-43, ECF No. 211-1 (stating the information in the faxes came from online press releases and not recalling whether anyone reviewed the information).

Defendants argue that this penalty should be reduced based on factor five, their lack of ability to pay. Defs.' Resp. 6, ECF No. 220. The Court finds this argument unpersuasive. The ability to pay must be established by a preponderance of the evidence. *See SEC v. Harris*, No. 3:09-cv-1809-B, 2012 WL 759885, at *5 (N.D. Tex. Mar. 7, 2012) (citing *SEC v. Huffman*, 996 F.2d 800, 803 (5th Cir. 1993)). Defendants submitted statements of financial condition and background information with their Response. Defs.' Resp. Ex.1-3 (Wilson Statement Fin. Condition, Wilson Background Questionnaire, Greenhorseshoe Holdings, Inc. Statement Fin. Condition), ECF No. 220. The Court finds this evidence insufficient to prove a lack of ability to pay by a preponderance of the evidence. Even if Defendants had established their inability to pay, the ability to pay a penalty is only one of many non-exclusive factors considered by the courts. *Harris*, 2012 WL 759885, at *5 ("[T]his inability is at most one factor to be considered in imposing a penalty, and the Court may impose a civil penalty even assuming that he is unable to pay." (citing *SEC v. Warren*, 574 F.3d 1368, 1370 (11th Cir. 2008))). Accordingly, the Court finds that the majority of the factors weigh against a reduction in the amount of third-tier civil penalties.

## III.    CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Final Judgment (ECF No. 209). Defendants are **ORDERED** to pay a third-tier civil penalty in the amount of $664,269. The Court will issue a Final Judgment of Disgorgement, Prejudgment Interest, and Civil Penalty as to Defendants in a separate order.

**SO ORDERED** on this **28th day** of **November, 2012.**

5

Reed O'Connor

**UNITED STATES DISTRICT JUDGE**