**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **DAVID RONALD ALLEN, et al.,** | : |
| | : **Civil Action No.:3:11-CV-882-O** |
| | : |
| **Defendants,** | : |
| | : |
| **and** | : |
| | : |
| **PATRICIA ALLEN, et al.,** | : |
| | : |
| | : |
| **Relief Defendants.** | : |

**OBJECTIONS OF THE SEC TO THE FIRST INTERIM FEE APPLICATION OF THE
RECEIVER, HIS ATTORNEY AND OTHER PROFESSIONALS**

Plaintiff Securities and Exchange Commission ("SEC" or "Commission") respectfully

submits its objections to the First Interim Application to Allow Fees and Expenses of the

Receiver and Other Professionals dated November 16, 2012 (the "Fee Application").

**PRELIMINARY STATEMENT**

On January 12, 2012, the Court appointed a Receiver in this matter (ECF No. 192) and,

on June 18, 2012, amended the Receivership Order to include six additional entities in the

receivership estate (ECF No. 233).  To date, $288,449.22 has been deposited with the Clerk of

the Court, consisting of:  (1) funds which had been previously frozen by the Court; and (2)

checks presented to the SEC during the course of the litigation, which the SEC forwarded to the

Receiver for inclusion in the Receivership estate. (ECF No. 239, Receiver's Preliminary Report) On November 16, 2012, the Receiver filed its First Interim Fee Application covering the period from January 12, 2012 to June 30, 2012, requesting that $95,559.51 of these funds be distributed to the Receiver to cover fees and expenses of the Receiver and his assembled professional support personnel. (ECF No. 250)

## ARGUMENT

Courts scrutinize fee applications to ensure that they are reasonable, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and fee awards should avoid the appearance of a windfall. City of Detroit v. Grinnell Corp., 495 F.2d 448, 469 (2d Cir. 1974). The amount recovered is a factor that should be considered in determining a reasonable fee. SEC v. Goren, 272 F. Supp. 2d 202, 207 (E.D.N.Y. 2003) (citing In re Miniscribe Corp., 309 F.3d 1234, 1243 (lOth Cir. 2002)); In re Taxman Clothing Co., 49 F.3d 310, 314-15 (7th Cir. 1995) (Posner, Ch. J.) (attorney for trustee has independent fiduciary duty to abandon efforts to recover assets once it becomes "reasonably obvious that further litigation would cost more than it [is] likely to bring into the estate").

The fee applicant bears the burden of proving that his compensation request is reasonable. Matter of U.S. Gulf Corp., 639 F.2d 1197, 1207 (5th Cir. 1981); In re Bennett Funding Group, Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997). Accordingly, it is the applicant's responsibility to "keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 2

full amount requested." <u>F.H. Krear & Co. v. Nineteen Named Trustees,</u> 810 F.2d 1250, 1265 (2d Cir. 1987).  A Receiver should be held to the same standards as a bankruptcy trustee because the Receiver's fiduciary duties to the defrauded investors are similar to a bankruptcy trustee's duties to creditors.  <u>Goren,</u> 272 F. Supp. 2d at 206-07 (citing <u>Miniscribe</u>, 309 F.3d at 1243).

In this matter, the Receiver and his counsel are seeking fees representing 33% of the money frozen by the Court and forwarded to the Receiver by the SEC.  The Receiver's record-keeping practices make it extremely difficult for the parties, the defrauded investors, and this Court to evaluate the reasonableness of the requested compensation and to assess whether the Receiver and his support personnel have carried out individual tasks efficiently. The Receiver and his counsel's time entries describe all of the tasks that each individual worked on during the day, frequently involving multiple projects.  For example, one entry reads:

> Meet with investigator and receiver.  Continue review of docket; identify documents from docket to send to investigator.  E-mail relevant documents to investigator.  Continued review of docket and provided investigator with pleadings relating to all judgments entered to date.  Drafted notice of appearance.

Exhibit B (1/24/2012 entry)

Another entry reads:

> Confer with investigator re investor and non-investor claim form, meeting with counsel re D-Cap relief defendants, to-do list prepared by investigator and documents needed from SEC, and general issues going forward.  Meet with receiver to discuss same. T/C with [counsel] re meeting to discuss D-Cap relief defendants.

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 3

Exhibit B (2/16/2012 entry).

This practice, known as "lumping," is disapproved by bankruptcy courts, which routinely review fee applications, for two reasons:

> One, it permits an applicant to claim compensation for rather minor tasks, which, if reported individually, would not be compensable. Two, it prevents the Court from determining whether individual tasks were expeditiously performed within a reasonable period of time because it is impossible to separate into components the services which have been lumped together.

In re Poseidon Pools of Am., Inc., 180 B.R. 718, 750 (Bankr. E.D.N.Y. 1995), aff'd, 216 B.R. 98 (E.D.N.Y. 1997); see also Admin. Order: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, § B.3 (Bankr. S.D.N.Y. June 20, 1991) (Burton R. Lifland, Chief Bankruptcy Judge)("Bankruptcy Court Guidelines"); U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, § II.D.5 ("U.S. Trustee Guidelines").

The Bankruptcy Court Guidelines instruct that professionals "engaged in rendering services in a discrete activity within the case (a) that can reasonably be expected to continue over a period of at least three months, and (b) that can reasonably be expected to constitute approximately 10-20% or more of the fees to be sought for an interim period, ... shall establish a separate record entry for that matter, and record time therein separate from any other services in the case." Bankruptcy Court Guidelines § B.4.

Where counsel has not met his burden to "keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 4

reasonably required . . ., the court should not award the full amount requested."  F.H. Krear, 810 F.2d at 1265.  See also Bennett Funding, 213 B.R. at 245 (disallowing compensation for all "lumped" entries in their entirety); In re Poseidon Pools, 180 B.R. at 750 (allowing only partial compensation for such entries).  Because the Receiver's methodology to determine who and/or what entities owed monies to the Receivership estate was not transparent, the SEC requested additional information regarding the Receiver's methodology to assist in determining the reasonableness of time spent on various tasks.  Unfortunately, the Receiver has failed to respond to our request for additional information regarding methodology.  Therefore, the SEC has been unable to factor the Receiver's chosen methodology into its analysis to determine whether time spent on particular tasks was reasonable.

        In addition to the Johnson factors cited by the Receiver (Fee Appl. at 6), the reasonableness of the compensation requested by the Receiver should take into account the necessity of the services rendered and the benefit they provide to the Receivership estate.  Matter of Evangeline Refining Co., 890 F.2d 1312, 1325 n.12 (5th Cir. 1989); SEC v. Byers, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); 2A Bankr. Service L.Ed. § 16B:61 and 66.  Certain activities by the Receiver and his counsel do not appear to be necessary or beneficial to the Receivership estate.  While the following may appear minor examples, each unnecessary task charged against the Receivership estate is money taken away from the harmed investors.  Evangeline Refining Co., 890 F.2d at 1326 (citing In re Hotel Assoc., 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981)).  For example, on two separate occasions the Receiver spent time reviewing motions for extension of time by parties to file response

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 5

briefs.  <u>See</u> Fee Appl. Exhibit A, entries dated May 29, 2012 and May 30, 2012.  Nothing in this effort could reasonably lead to a benefit for the Receivership estate, and the Receiver should not be compensated for this activity.[1]

Further, in addition to considering the reasonableness and necessity of the activity for which the Receiver seeks compensation, the Court should disallow compensation for the unnecessary duplication of services.  <u>Evangeline Refining Co.</u>, 890 F.2d at 1327 (citing <u>In re Hudson Shipbuilders</u>, 794 F.2d 1051, 1058-59 (5th Cir. 1986); 9 Am. Jur. 2d Bankruptcy § 265.  When more than one attorney attends a meeting or hearing, or when one or more attorneys conduct the same activity, the Court should scrutinize whether this constitutes a duplication of services that should not be doubly compensated.  For example, on multiple occasions the Receiver reviewed filings related to the Wilson defendants.  <u>See</u> Fee Appl, Exhibit A, entries dated May 8, 2012, May 29, 2012 and June 12, 2012.  The Wilson defendants, however, were not involved with, nor related to, the Receivership aspect of this case, making this work unnecessary.  Assuming the Receiver was required to conduct a cursory review to determine if any potential judgment could benefit the Receivership estate, once the original filing was reviewed it should have been clear that it was not related to the Receivership, and there was no need to continue this work and review the Appendix materials filed in support of the filings, the response brief, and the reply brief.[2]  Moreover, it appears that the Receiver's counsel conducted a review of the same materials.  This clear

---

[1]  A total of $110.50 should be disallowed for this activity.

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 6

duplication of services should not be compensated.  See Fee Appl. Exhibit B entries dated May 8, 2012, June 4, 2012 and June 14, 2012.  In addition, the Receiver's counsel conducted an unnecessary review of materials filed with respect to other non-Receivership defendants (Patera, et al.) that should not be compensated.  See Fee Appl. Exhibit B, entry dated June 4, 2012.[3]

The Receiver has hired an investigator whose portion of the Fee Application is more than half of the total requested amount in the Fee Application itself.  The descriptions of the tasks performed by the investigator are very broad.  Therefore, the SEC cannot determine whether the portion of the Fee Application related to the investigator hired by the Receiver is reasonable and whether all of the tasks are necessary and efficiently conducted.

For example, the investigator attended a Court hearing on March 21, 2012, regarding the allocation of funds among various Allen-related entities and one of the relief defendants, Allen's wife.  Both the Receiver and the Receiver's counsel also attended this hearing.  All three have charged the Receivership estate for this time.  This would appear to fall under the category of duplication of services as well as unnecessary activity.  It cannot be argued that the investigator's attendance at a hearing to determine whether funds already deposited with the Court should be allocated to one party or another advanced the interests of the

---

[2]  A total of $273.00 should be disallowed for this activity.  It would appear that the entry in Appendix A, dated June 12, 2012, is literally a duplicate, listing the same activity twice and clearly should not be doubly compensated.  An additional $55.25 related to this duplicate entry should be disallowed.
[3]  Due to the manner in which the Receiver's counsel billed his time, using the "lumping" method, it is difficult to determine the amount that should be disallowed.  A total of $1540.00 was billed during periods covering these unnecessary tasks.  A fair assessment would be to disallow 50 percent of this amount, or $740.00, and allow the remaining 50 percent as related to the other tasks.

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 7

Receivership estate when the hearing was attended by both the Receiver and his counsel.[4]

In addition, the investigator spent .8 hours reviewing an engagement letter from Deloitte, the accounting expert engaged by the SEC to review relevant bank records during the litigation and was later engaged by the Receiver. See Fee Appl. Exhibit D, entry dated June 6, 2012. This review by the investigator does not appear necessary.[5] Additionally, the investigator spent more than 70 hours reviewing records and materials related to "CML" (believed to be a reference to the entity Credit, Money and Life Corp., over which the Receiver was appointed on June 18, 2012). See Fee Appl. Exhibit D, entries dated March 5, 13, 14, 15, 20, 21, 22, 27, April 3, 5, 11, 17, 19, 20, 21, 25, 26, 27, May 1, 3, 4, 7, 8, 14, and 15. However, the task descriptions are vague and broad, using terms like "reviewed records" and "research on CML" with no further description as to the topic or issue being reviewed or researched, therefore, the SEC is unable to determine if these tasks and reviews are necessary or efficiently conducted. The investigator was aware of the identity of the CML counsel, having met, participated in a teleconference and conducted negotiations with him. See Fee Appl. Exhibit D, entries dated March 20, May 1 and June 26, 2012. Moreover, on January 17, 2012, two business days after the Receiver was appointed in this matter, the SEC forwarded the Deloitte expert report related to the limited partnerships and numerous spreadsheets tracing funds from the limited partnerships to the DMA and CML entities. Access to the CML counsel, these documents, and summaries should have allowed the

---

[4]  A total of $150.00 should be disallowed for this activity.
[5]  A total of $100.00 should be disallowed for this activity.

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 8

investigator to conduct more efficient review of the materials.[6]

Because of the manner in which the investigator has identified various tasks, the SEC has reservations as to whether the Fee Application with respect to the investigator is appropriate and necessary.  This is particularly concerning when one recognizes that for six months effort, the investigator charged $53,050.00, and no additional funds for the Receivership were recovered during this time period.

**CONCLUSION**

For the reasons set forth above, the Court should disallow $438.75 and $740 for unnecessary or duplicative work of the Receiver and his counsel, respectively, and disallow $4625.00 for the unnecessary or inefficient work of the investigator.

December 7, 2012                                   Respectfully submitted,


                                                    _s/ Jane M.E. Peterson_____

Toby M. Galloway                                  Jane M.E. Peterson
Texas Bar No. 00790733                            Steven L. Cohen
Securities and Exchange Commission                Jennifer Leete
Burnett Plaza, Suite 1900                         Carolyn M. Welshhans
801 Cherry Street, Unit 18                        Securities and Exchange Commission
Fort Worth, TX 76102                              100 F Street, N.E.
(817) 978-6447                                    Washington, D.C. 20549
(817) 978-2700 (fax)                              (202) 551-4468 (Peterson)
                                                  (202) 772-9245 (Fax Peterson)
Local Counsel                                     petersonjme@sec.gov
                                                  Attorneys for Plaintiff

                                                  Securities and Exchange Commission

---

[6]  The amount billed for this activity alone is more than $8750.00.  Because this appears excessive, an appropriate disallowance would be a 50 percent reduction, or $4375.

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 7, 2012, I electronically filed the foregoing *Objections to the First Interim Fee Application of the Receiver* with the clerk of the U.S. District Court, Northern District of Texas, Dallas Division, by using the CM/ECF filing system which will send a notice of electronic filing to all CM/ECF participants.


*s/ Jane M.E. Peterson*
Jane M.E. Peterson

*SEC v. Allen, et al.*
Plaintiff's Objection to Fee Application of Receiver
Page | 10